[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO STRIKE
I. Factual and Procedural History
On March 28, 1995, the plaintiff, Bryan Mandell, filed a five count amended complaint against the defendants, Comprehensive Rehabilitation Associates, Inc. d/b/a Claims Review Associates ["CRA"], Myron Shafer, M.D., and Orthopedic Associates of Hartford, P.C. The defendant in a prior personal injury action commenced by Mandell retained CRA's services for the purpose of coordinating an independent medical examination. CRA solicited an opinion from Shafer regarding the plaintiff's prognosis in the event that he was to be found HIV positive. CT Page 6318 CRA forwarded the report to the defendant's attorney for use in the prior suit. The report solicited by CRA from Shafer falsely stated that the plaintiff was HIV positive.
In counts one and two of the present complaint, the plaintiff alleges that CRA is liable to the plaintiff for negligent infliction of emotional distress and defamation of character. CRA moved to strike counts one and two, arguing that the conduct complained of is absolutely privileged. The plaintiff filed a memorandum in opposition to CRA's motion to strike.
II. Discussion
A motion to strike challenges the legal sufficiency of a complaint. Novametrix Medical Systems Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts alleged in the complaint, taken in the light most favorable to the plaintiff. Id., 215.
A. Count Two: Defamation of Character
"There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." Petyan v.Ellis, 200 Conn. 243, 245-46, 510 A.2d 1137 (1986). See also, Restatement (Second) Torts § 588. This privilege "extends to every step of the proceeding until final disposition." Id., 246. Section § 588 of the Restatement (Second) of Torts expressly provides that the absolute privilege extends to "communications preliminary to a proposed judicial proceeding or as part of a judicial proceeding in which he is testifying." The rationale behind the privilege is to encourage full disclosure of the facts to enable the trier to make findings. Id., Comment a.
The plaintiff argues that the report was not made in the context of a judicial proceeding. He attempts to distinguish the cases cited by CRA, Brauenstein v. Hayes Thynne,9 CSCR 236 (March 14, 1994) (Lewis, J.), and Irwin v. Cohen,40 Conn. Sup. 259 (1985) (Pickett, J.), because those cases concerned letters between attorneys in preparation for a proposed judicial proceeding and they were found to be absolutely privileged under Restatement (Second) Torts § 586, rather than § 588. However, "judicial proceeding" has the same meaning under CT Page 6319 both § 586 and § 588. Section 588 protects witness testimony, but it does not have to be testimony under oath. Id., Comment b. The submission of a medical examination fits this definition.
Additionally, an examination of the language of Practice Book § 229, governing requests for medical examinations, indicates that the examinations are requested, performed and released to counsel as part of a judicial proceeding. The request is filed in accordance with Practice Book § 120, entitled "General Rules of Pleading-Service of the Pleadings and Other Papers." Objections are placed on the short calendar list, and may be ordered by the court. See also, General Statutes § 52-178a. A doctor, in responding to such a "pleading," appears to be acting within the course of a judicial proceeding.
The plaintiff also argues that no privilege attaches because the statement was not relevant to the subject controversy. He argues that the plaintiff's HIV status is not pertinent to the judicial proceeding because there is no indication that the statement was disclosed pursuant to General Statutes § 19a-583. To the extent that the plaintiff is claiming a violation of that statute, that issue is not before the court.
Publication of the allegedly defamatory matter in response to a question from counsel brings it within the protection of the privilege. Restatement (Second) Torts § 588, Comment c. "[I]t is generally agreed that "relevancy" does not mean that the statement must come within the technical rules of evidence, since a witness should not be required to determine at his peril whether his testimony may safely be given, or deterred by fear of suit from what he believes to be proper, and if he is asked a question, he may reasonably be expected to reply with anything reasonably responsive to it." Prosser 
Keeton, Torts (5th ed.) § 114.[1]
In the present case, the defendant was requested to coordinate an independent medical examination, and counsel specifically asked the chosen doctor to discuss the effect of an HIV positive determination. (Amended Complaint, paras. 2-3.) The defendant forwarded the report to counsel for use in the plaintiff's claim. (Id., para. 5.) Because the statement was produced at the request of counsel for use in a judicial proceeding, and because it is relevant to the personal injury proceeding, the statement is absolutely privileged. Accordingly, CRA's motion to strike count two should be granted. CT Page 6320
B. Count One: Negligent Infliction of Emotional Distress
The parties agree that if absolute privilege precludes liability on the defamation claim, then absolute privilege precludes the negligent infliction of emotional distress claim as well. See Petyan v. Ellis, supra, 200 Conn. 254-55. Because count two should be stricken, count one should also be stricken.
So Ordered.